IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Odom Bryant, ) | Case No.: 4:23-2601-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| State of South Carolina; Public Defender's ) | |
| Office; Dean Mureddu; Edward Chrisco; ) | |
| Bradley C. Richardson; Alan Wilson, and ) | |
| Robert E. Hood, ) | |
| Defendants, ) | |
| ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kaymani D. West ("Report" or "Report and Recommendation") (DE 18), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] Plaintiff Odom Bryant ("Bryant" or "Plaintiff"), proceeding *pro se*, filed this action on June 9, 2023, under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.[2] (DE 1.) On July 5, 2023, Plaintiff moved to proceed in forma pauperis ("IFP"). (DE 12.) On July 11, 2023, the Magistrate Judge granted Plaintiff's motion to proceed IFP. (DE 17). On the same date,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. See Denton v. Hernandez, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). See Neitzke v. Williams, 490 U.S. 319, 327 (1989).

1

the Magistrate issued the Report recommending that Plaintiff's Complaint be denied because "Plaintiff has failed to allege sufficient facts in his Complaint to state a claim against Defendants." (DE 18, p. 3.)

Specifically, as to Plaintiff's conspiracy claim, Plaintiff fails to provide any concrete facts to demonstrate Defendants came to a mutual understanding or acted jointly in concert to deprive Plaintiff of any constitutional right. See Simmons v. Poe, 47 F.3d 1370, 1376–77 (4th Cir. 1995) (Under 42 U.S.C. § 1983, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations). Further, the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712–13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). Therefore, Plaintiff's Complaint fails to allege a viable claim against the State of South Carolina. Moreover, the Horry County Public Defender's Office is not an individual "person" pursuant to § 1983, [and so] Plaintiff has failed to state a claim on which relief may be granted as to the office. See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 (1978) (only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person"). Finally, Judge Dean Mureddu is entitled to absolute judicial immunity with respect to the allegations in Plaintiff's Complaint regarding Judge Mureddu's decisions. See Mireless v. Waco, 502 U.S. 9, 12 (1991). Judicial immunity is protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. See id., 502 U.S. at 11.

Plaintiff objected to the Report; however, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.

1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Here, even holding Plaintiff's *pro se* complaint to a less stringent standard than those drafted by attorneys, Plaintiff's objection contains no cognizable basis for review.  Plaintiff's objection centers on "if the Court going to charge me the $350 fee and I have to repeat the same process due to the R&R I will then be in debt $700 with the State." (DE 21.)  Since the objection does not articulate why this Court cannot review or adjudicate the Report, the Court rejects the same.  That said, the Court overrules Plaintiff's singular objection to paying the filing fee because he has already been granted IFP status.

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court finds that there is no clear error on the face of the record and, therefore, adopts the Report and fully incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 5, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.